**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LISA M. HICE,**<br>**LEANN D. HOFF,**<br>**as Co-Administrators of the**<br>**Estate of Marvin G. May,**<br>**Deceased,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**TURN KEY HEALTH CLINICS, LLC, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. CIV-24-119-JD** |

**FIRST SUPPLEMENTAL REPORT AND RECOMMENDATION**

Before the Court is Defendant Turn Key Health Clinics, LLC's (Turn Key) Motion for Summary Judgment as to Plaintiffs' state law negligence claim. Doc. 142. Plaintiffs filed a response in opposition, Doc. 157, and Turn Key replied. Doc. 180. The undersigned issued a Report and Recommendation denying the motion. Doc. 185. Judge Dishman adopted the Report and Recommendation's conclusions on the federal claim and re-referred the matter to the undersigned for further consideration of Plaintiffs' state law negligence

claim against Turn Key. Doc. 200, at 34-35.[1] The undersigned recommends the Court grant summary judgment on Plaintiffs' state law negligence claim.

## I. Legal standards.

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016) (internal quotation marks and citation omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (explaining that a dispute over a material fact is genuine "if a rational jury could find in favor of the nonmoving party on the evidence presented" (citation omitted)). In applying this standard, the Court "'review[s] the facts and all reasonable inferences those facts support[ ] in the light most favorable to the nonmoving party.'" *Doe*, 952 F.3d at 1189 (second alteration in original)

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

(quoting *Evans v. Sandy City*, 944 F.3d 847, 852 (10th Cir. 2019)). "In reviewing the facts, at summary judgment, the party who bears a burden of proof on an issue bears the burden of production rather than the burden of persuasion." *Markley v. U.S. Bank Nat'l Ass'n*, 59 F.4th 1072, 1080 (10th Cir. 2023).

## II. The Court should grant summary judgment on Plaintiffs' state law negligence claim.

In their complaint, Plaintiffs raised a state law claim of negligence against Defendant Turn Key. Doc. 1, at 40-41. Plaintiffs alleged that Turn Key "owed a duty to Mr. May . . . to tender medical treatment with reasonable care" and that Turn Key "breached its duty to Mr. May, by failing to provide competent and timely medical and mental health care and treatment as required by applicable standards of care, custom and law." *Id.* Finally, Plaintiffs claimed that "Turn Key's negligence [was] the direct and proximate cause of Mr. May's . . . death . . . and the damages alleged herein." *Id.* at 41.

In its motion to dismiss, Turn Key argued that it was entitled to sovereign immunity. Doc. 14, at 29-37. In denying its motion, the Court found that it was "premature" to make that determination. Doc. 42, at 22-24; Doc. 51, at 11. Given the unsettled precedent in the lower Oklahoma courts, this Court ruled that the "proper route for district courts to take is to determine the

GTCA's applicability to private corporations—and their employees—that contract with the state to provide medical services at the summary judgment stage[.]" Doc. 51, at 11 (citing *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1148 (10th Cir. 2023) (internal quotations omitted)).

Turn Key moved for summary judgment on all claims against it. Doc. 142, at 35-37. Turn Key argued that "Plaintiffs cannot establish an Oklahoma state law claim for negligence or wrongful death as Turn Key is immune from liability in tort pursuant to the Oklahoma Governmental Tort Claims Act." *Id.* at 35. In their response, Plaintiffs did not respond to Turn Key's GTCA-immunity argument. Doc. 157.

As the moving party, Turn Key must show that it is entitled to summary judgment on Plaintiffs' negligence claim. Fed. R. Civ. P. 56. Failure to respond to an opposing party's arguments in a motion for summary judgment amounts to conceding those arguments. *Series 17-03-615 v. Teva Pharm. USA, Inc.*, 785 F. Supp. 3d 904, 935 (D. Kan. 2025); *see also Hinsdale v. City of Liberal*, 19 F. App'x 749, 768-69 (10th Cir. 2001) (affirming grant of summary judgment where plaintiff had "abandoned his equal protection claim" by failing to address it in his response to defendant's motion for summary judgment). "Once a party moving for summary judgment has met his initial burden, the party

resisting the motion cannot rest on his pleadings." *Coffey v. Healthtrust*, Inc., 955 F.2d 1388, 1393 (10th Cir. 1992); *cf. Fillmore v. City of Osage City*, 2011 WL 1118570, at *11 (D. Kan. Mar. 25, 2011) ("Plaintiff's failure to address certain arguments does not establish that defendants are entitled to immunity.").

The Oklahoma Governmental Tort Claims Act (GTCA) governs whether a public entity or public employee can assert immunity to a state law tort claim. Okla. Stat. tit. 51, § 152.1. Oklahoma considers this statutory immunity to be sovereign immunity from suit. *Spencer v. Nelson*, 557 P.3d 144, 149 (Okla. 2024) ("The GTCA adopts the doctrine of sovereign immunity and then waives the immunity, but only to the extent and in the manner provided in the GTCA."). Unless specifically waived, "[t]he state, its political subdivisions, and all of their employees . . . shall be immune from liability for torts." Okla. Stat. tit. 51, § 152.1. "Employees," as defined in the statute, include "licensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies." *Id.* § 152(7)(b)(7).

Turn Key argues that it is "considered an 'employee' of the state and immune from liability for tort claims" under the GTCA. Doc. 142, at 35-36. At

the motion to dismiss stage, the Oklahoma law in this area was "unsettled." *See* Doc. 42, at 23; Doc. 51, at 10-11. In March 2025, the Oklahoma Supreme Court resolved the issue. *See Sanders v. Turn Key Health Clinics*, 566 P.3d 591 (Okla. 2025). There, the court reasoned that Turn Key's employees were state "employees" as "licensed medical professionals . . . provid[ing] medical care to inmates or detainees" by the express terms of the GTCA, and thus "the licensed medical professionals providing services via a business entity" such as Turn Key were state "employees" as well. *Id.* at 608-09. As such, sovereign immunity shields Turn Key and its employees under the GTCA. *See Robinson v. Turn Key Health Clinics*, LLC, 2026 WL 788150, at *8 (N.D. Okla. Mar. 20, 2026) ("Given the Oklahoma Supreme Court's ruling. . . Turn Key is precluded from liability as to plaintiff's negligence claim under the OGTCA.").

Plaintiffs do not dispute the material facts relevant to Turn Key's claim of sovereign immunity. Plaintiffs do not dispute that Turn Key is a business entity whose employees are "licensed medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies." Okla. Stat. tit. 51, § 152(7)(b)(7). Plaintiffs' "failure to respond" to Turn Key's legal arguments or to dispute the underlying facts is "fatal to [their] claims."

*Simington v. Zwicker & Assocs.*, 2012 WL 5873310, at * 3 (W.D. Okla. Nov. 20, 2012).

Given Plaintiffs' apparent abandonment of this claim, and in light of the Oklahoma Supreme Court's ruling in *Sanders*, Turn Key is entitled to judgment as a matter of law on Plaintiffs' state law negligence claim.

## III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Defendant Turn Key's motion for summary judgment on Plaintiffs' state law negligence claim. Doc. 142.

The undersigned advises the parties of their rights to file an objection to this report and recommendation with the Clerk of this Court on or before September 25, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE